IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
04/20/2016

IN RE )
)
HARRY RONALD DEBORDE, ) CASE NO. 15-35408-H3-13
)
Debtor, )
)

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Application for Order Pursuant to 11 U.S.C. §§ 330(a)(4)(B) Authorizing Compensation of William R. Howell, Jr. as Counsel for Debtor" (Docket No. 113). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Harry Ronald DeBorde ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 11, 2015.

In the instant application, William R. Howell, Jr. ("Applicant") seeks allowance of $9,065.00 in fees and $230.96 in expenses, as compensation for his services with respect to the instant case. (Docket No. 113).

In the instant application, Applicant states that he spent 160.5 hours in his representation of Debtor, during the time period from June 25, 2015 through January 26, 2016. Applicant divided the time billed into nine categories: administrative (106.8 hours); case conference (2.6 hours); client consultation (15.6 hours); court hearing (0.7 hours); document review (3.0 hours); legal research (3.1 hours); legal strategy (1.7 hours); legal writing (2.0 hours); and travel time (17.1 hours).[1] (Docket No. 113). The time listed in the administrative and travel time categories was billed at $50 per hour. The time listed in the other categories was billed at $100 per hour.

The court has reviewed in detail each of the time records. The administrative category includes, *inter alia*, twelve entries, totaling 2.8 hours, for secretarial work, including placing documents into a file, scanning, and photocopying; eight entries, totaling 0.9 hours, scheduling client meetings; two entries, totaling 0.7 hours, observing court; two entries, totaling 0.4 hours, for internal bookkeeping; and four entries, totaling 0.4 hours, for sending thank you notes; and one entry, for 4.4 hours, preparing an application to employ counsel. The total fee attributable to the entries

---

[1] Applicant also identified 7.9 hours as "Non-Billable."

2

specifically identified in this paragraph is $480.00.[2] (Applicant's Exhibit D).

The case conference category contains eight entries, totaling 2.6 hours. The entries in this category consist of communications between Applicant and counsel for creditors. (Applicant's Exhibit D).

The client consultation category contains 61 entries, totaling 15.6 hours. The time entries in this category indicate that Applicant conferred extensively with his client regarding the instant case. (Applicant's Exhibit D).

The court hearing category contains two entries, totaling 0.7 hours, for appearance at the hearings on an application to pay filing fee in installments, and claim objections. (Applicant's Exhibit D).

The document review category contains four entries, totaling 3.0 hours, for reviewing notes prior to client meetings, and reviewing the petition and schedules before they were filed. (Applicant's Exhibit D).

The legal research category contains seven entries, totaling 3.1 hours, researching legal issues in the case.

---

[2]The remainder of the entries in this category, which are numerous, address the preparation and amendment of the petition, schedules, statement of financial affairs, Chapter 13 plan, and other documents; communication with Debtor (other than those labeled as client consultations) and with other parties in interest; review of proofs of claim; preparation for the meeting of creditors; and service of process.

(Applicant's Exhibit D).

The legal strategy category contains six entries, totaling 1.7 hours. The services in this category primarily relate to Applicant's consideration of Debtor's living situation. (Applicant's Exhibit D). Applicant testified that, prepetition, Debtor had a difficult situation with a roommate. Debtor testified that his roommate had been a drug dealer, and had caused the total loss of two of Debtor's vehicles. Debtor testified that his roommate moved out after he requested that the roommate do so. He testified that, although Applicant helped him in "keeping me strong," Debtor filed no legal action against the roommate, and Applicant did not communicate with the roommate.

The legal writing category contains three entries, totaling 2.0 hours. The services in this category include the drafting of two claim objections, and an objection to this court's standard order regarding secured claims. (Applicant's Exhibit D).

The travel time category contains 23 entries, totaling 17.1 hours. All but two of these entries relate to time spent traveling between Applicant's workplace in Houston, Texas and other locations in Houston, Texas, including Debtor's home, a Starbucks location where Applicant met with Debtor, and the courthouse. The other two entries, totaling 6.7 hours, relate to a trip to San Antonio, in connection with Debtor's aborted

attempt to purchase a vehicle. The total fee attributable to this category is $855.00. (Applicant's Exhibit D).

The expenses billed by Applicant total $230.96. The expenses include 21 entries, totaling $193.84, for mileage for local travel. (Applicant's Exhibit B). The expenses also include breakfast and coffee from Starbucks, totaling $15.48. (Applicant's Exhibit C).

Debtor testified that having Applicant's services has been of benefit to him. He testified that his mood prior to the filing of the bankruptcy case was "in a dark tunnel," and now is "on an even keel."

Debtor testified that he agreed to pay Applicant's expenses. He testified, in response to leading questions, that Applicant brought breakfast, on occasion, to help Debtor to get work done in preparing for the case.

Debtor's plan provides for payment of, *inter alia*, $43,317.17 in priority tax claims, $22,847.60 on claims purportedly secured by Debtor's homestead, $700.20 on a claim secured by a dryer, and $146.01 to unsecured creditors. (Docket Nos. 104, 105). The plan was confirmed, by order entered on January 28, 2016. (Docket No. 111).

Applicant testified that the instant case is his first Chapter 13 case. Applicant states in the instant application that he completed internships with a bankruptcy judge and a

bankruptcy appellate panel, and a clerkship with a bankruptcy judge.

## Conclusions of Law

Section 330(a)(4)(B) of the Bankruptcy Code provides:

> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

The other factors set forth in § 330(a)(3) include:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

In the instant case, most of Applicant's services provided a benefit to Debtor, in the form of a confirmed plan which projects to make a meaningful distribution to secured and priority creditors. The instant case involved a substantial learning curve for counsel, and a client with difficult legal and personal circumstances. Counsel's learning curve is reflected in

6

his hourly rate in the instant case, a rate well below the average rate for typical general counsel in Chapter 13 cases.

However, the entries for secretarial work, scheduling of client meetings, observing court, internal bookkeeping, sending thank you notes, preparing an application to employ counsel (which this court does not require of general counsel representing debtors in Chapter 13 cases), and travel in-town provided insufficient benefit to the Debtor for compensation at an attorney's hourly rate (even at the $50 reduced rate at which they were billed). The court disallows compensation for these services.

As to the travel to San Antonio, the evidence does not support allowance of the fee requested. No evidence was presented showing that there was a need for counsel to travel to San Antonio with Debtor. The court disallows compensation for these services.

As to the expenses, expenses for local mileage are overhead, and are not reimbursable. See e.g., In re Computer Learning Centers, Inc., 272 B.R. 897 (Bankr. E.D. Va. 2001); In re Bank of New England Corp., 134 B.R. 470 (Bankr. D. Mass. 1991). Allowance of reimbursement for working meals requires a showing that there were no other reasonable alternative to the working meals, and that there is a good reason for the estate to pay the expense. See In re Fibermark, Inc., 349 B.R. 385 (Bankr. D. Vt. 2006). The court concludes that Applicant has made a sufficient showing in the instant case for allowance of the requested expense for working meals, in light of the difficult

personal circumstances of his client.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on this \_\_\_20\_\_\_ day of _____Apr_____, 2016.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE